IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MICHAEL W. ROGERS, | § | |
| | § | |
| Plaintiff Below- | § | No. 503, 2017 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| MATTHEW MORGAN, individually | § | |
| and in his official capacity as a | § | C.A. No. N15C-07-259 |
| DELAWARE STATE TROOPER, the | § | |
| STATE OF DELAWARE, and the | § | |
| DEPARTMENT OF PUBLIC SAFETY | § | |
| – DIVISION OF STATE POLICE, | § | |
| | § | |
| Defendants Below- | § | |
| Appellees. | § | |

Submitted: January 9, 2018
Decided: January 24, 2018

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

# O R D E R

This 24th day of January 2018, upon consideration of the notice of interlocutory appeal and the supplemental notice of interlocutory appeal, it appears to the Court that:

(1) The plaintiff-appellant, Michael W. Rogers, has petitioned this Court under Supreme Court Rule 42 to accept an interlocutory appeal from a memorandum opinion of the Superior Court dated November 9, 2017 ("the Memorandum Opinion"). The Memorandum Opinion granted in part and denied in part the

defendants' motion for summary judgment. Among other things, the Superior Court dismissed Rogers' claims for invasion of privacy under state law and 42 U.S.C. § 1983 on the ground that his claims were barred by the doctrine of collateral estoppel.

(2) Rogers filed an application for certification to take an interlocutory appeal of the Memorandum Opinion in the Superior Court on November 20, 2017. The defendants filed their response in opposition on November 29, 2017.

(3) The Superior Court denied the certification application on December 5, 2017.[1] In denying certification, the Superior Court noted that the Memorandum Opinion did not, as Rogers argued, determine a substantial issue of material importance meriting appellate review before the entry of a final judgment in the case. The Superior Court concluded that the interest of justice would not be served by an interlocutory appeal.

(4) We agree that interlocutory review is not warranted in this case. Applications for interlocutory review are addressed to the sound discretion of this Court. In the exercise of its discretion, this Court has concluded that the application for interlocutory review does not meet the strict standards for certification under Supreme Court Rule 42(b) and should be refused.

---

[1] Although the Superior Court denied certification on December 5, 2017, Rogers did not file a supplemental notice of appeal in compliance with Rule 42(d)(iii) until January 9, 2018.

2

NOW, THEREFORE, IT IS HEREBY ORDERED that the within interlocutory appeal is REFUSED.

BY THE COURT:

/s/  James T. Vaughn, Jr.
Justice